# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN STRICKLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL INSURANCE CO.,<br>THE FIRST LIBERTY INSURANCE CORP.<br>and SPAN SYSTEMS, INC.<br><br>    Defendants. | Case No. 3:17-cv-690 (VAB) |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Steven Strickland ("Plaintiff") has sued Liberty Mutual Insurance Co., The First Liberty Insurance Corp. ("Liberty Mutual"), and Spans Systems, Inc. ("Span") (collectively "Defendants"). Specifically, Mr. Strickland alleges that Liberty Mutual engaged in an unfair business practice in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110, and the Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn. Gen. Stat. § 38a-816. Mr. Strickland also alleges that Defendants have engaged in tortious conduct in violation of state common law.

Because the Court *sua sponte* finds it lacks subject matter jurisdiction over this lawsuit, the case is remanded to Connecticut Superior Court. Defendants' motion to dismiss therefore is **DENIED** as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Mr. Strickland worked as a steel worker for Span.[1] Compl. ¶ 6, ECF No. 1-1. Span allegedly maintained a worker's compensation policy ("Policy") with Liberty Mutual, Defs.' Br. at 4, ECF No. 22, which, as a result of Mr. Strickland's employment with Span, made him an "insured, covered party, and/or third party beneficiary" under the Policy. Compl. ¶ 10.

On March 27, 2014, while working for Span, Mr. Strickland allegedly suffered a work-related injury, requiring surgical repair. Compl. ¶ 13. Mr. Strickland allegedly sustained the injury while on a job at The Levitt Pavilion for the Performing Arts construction project, located in Connecticut. *Id.* ¶ 12. Mr. Strickland allegedly reported the work-related injury to Span, and Span, in turn, relayed the report to Liberty Mutual. *Id.* ¶ 14.

The following day, Span's insurer, Liberty Mutual—"despite being fully aware that Mr. Strickland was injured on the job in Westport[,] Connecticut, that Mr. Strickland resided in Connecticut, and that he received his medical treatment in Connecticut"—allegedly instructed Mr. Strickland to sign paperwork Liberty Provided to him to him for the purpose of filing a workers' compensation claim. *Id.* ¶¶ 15, 17. Mr. Strickland allegedly signed the paperwork, and Liberty Mutual allegedly filed Mr. Strickland's worker's compensation claim with New Hampshire's Department of Labor. *Id.* ¶ 16–17. "[Liberty] thereafter adjusted, evaluated, and/or processed [Mr. Strickland's] claim under New Hampshire law." *Id.* ¶ 18.

Liberty Mutual's conduct allegedly compelled Mr. Strickland to hire an attorney licensed in New Hampshire to handle the jurisdictional issues caused by Defendant. *Id.* ¶ 26. The

---

[1] Span is a New Hampshire Corporation with a principal place of business in Manchester, New Hampshire. Notice of Removal at 2, ECF No. 1.

Complaint asserts that Liberty Mutual knowingly and deliberately deprived Mr. Strickland of the proper jurisdiction so as to gain an unfair advantage over Mr. Strickland. *Id.* ¶ 23(b). It also maintains that Liberty Mutual "engages in . . . unscrupulous conduct to deny benefits to similarly situated insureds, covered parties, and/or third party beneficiaries with such frequency as to indicate a general business practice." *Id.* ¶ 25.

On September 19, 2014, Mr. Strickland allegedly filed a notice of claim with the Connecticut Workers' Compensation Commission regarding his work-related injury. *Id.* ¶ 20. The Complaint claims that, approximately two months later, Liberty Mutual conceded and acknowledged that Connecticut was the proper jurisdiction over the Mr. Strickland's claim and voluntarily moved Mr. Strickland's claim to Connecticut. *Id.* ¶ 22. The Connecticut Workers' Compensation Commission then asserted jurisdiction over Mr. Strickland's claim. *Id.* ¶ 20.

### B. Procedural History

Mr. Strickland filed a complaint in Connecticut Superior Court, Judicial District of New Haven against Defendants. *See generally* Compl. Mr. Strickland alleged seven total counts; both Liberty Mutual entities face identical counts: bad faith (counts 1 and 4); violation of CUTPA/CUIPA (counts 2 and 5); and civil fraud (counts 3 and 6). The Complaint also alleges Defendants engaged in a civil conspiracy (count 7). Mr. Strickland seeks money damages, both compensatory and punitive, and attorneys' fees. Compl. ¶ 27. p. 20. Mr. Strickland seeks damages in excess of $15,000.00, exclusive of interests and costs. Compl. at 21.

Liberty Mutual removed to this Court on April 26, 2017. ECF No. 1.

Liberty Mutual has moved to dismiss the Complaint for failure to state a claim. ECF No. 22.

The Court heard oral argument on March 19, 2018.[2] ECF No. 52.

## II. STANDARD OF REVIEW

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A defendant has the burden of demonstrating that removal of a case to federal court is proper. *Calif. Pub. Emp'rs' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must take all of the factual allegations in the complaint as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and view the factual allegations and inference drawn therefrom in the light most favorable to the plaintiff. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

## III. DISCUSSION

As it must,a the Court turns firstto subject matter jurisdiction. Although neither party has suggested that the Court lacks jurisdiction over the subject, the Court has "an independent

---

[2] On March 11, 2018, the Court issued an Order instructing the parties to address at oral argument whether the Court had subject matter jurisdiction over this case. ECF No. 47.

4

obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (citation omitted). "[T]he existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). Typically, the amount in controversy is established by the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002).

"The party asserting federal jurisdiction must demonstrate federal subject matter jurisdiction by competent proof." *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). "Only where it 'appear[s] to a legal certainty that the claim is really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." *Fallstrom v. L.K. Comstock & Co.*, No. 3:99-cv-952 (AHN), 1999 WL 608835, at *1 (D. Conn. July 13, 1999) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab. Co.,* 303 U.S. 283, 288–89 (1938)). However, "[r]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* (quoting *Leslie v. Banctec Serv. Inc.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) (citing *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294 (1973)).

Here, there is no issue concerning diversity of citizenship, but the Complaint, in an attached "Statement of Amount in Demand," states that Mr. Strickland seeks damages "in excess of $15,000.00, exclusive of interests and costs." ECF No. 1-1 at 21. Defendants' contend that the

amount in controversy exceeds a sum or value of $75,000, exclusive of interest or costs. Notice of Removal ¶ 9. The Court finds Defendants' bare assertion insufficient to confer subject matter jurisdiction over this matter.

The legal certainty test is "clearly met" when "when independent facts show the jurisdiction amount was pled in order to avoid federal jurisdiction." *Fallstrom*, 1999 WL 608835, at *2 (citation omitted). Here, neither in their removal notice nor in briefs in supporting this motion, have Defendants argued that Mr. Strickland feigned a diminutive amount in controversy so as to preclude Defendants from removing this action. In the absence of "competent proof," demonstrating subject matter jurisdiction, *Jones*, 76 F. Supp. 2d at 204, the Court must therefore assume that, as "the master of [his] complaint," Mr. Strickland intended to have his cause heard in state court. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 387 (1987)).

Out of "respect for the limited jurisdiction of the federal courts," this case therefore is remanded to Connecticut Superior Court. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV. CONCLUSION

For all of the foregoing reasons, the case is remanded to Connecticut Superior Court. Defendant's motion to dismiss is **DENIED** as moot.

The Clerk of the Court is instructed to remand this case to Connecticut Superior Court, Judicial District of New Haven and close this matter.

SO ORDERED at Bridgeport, Connecticut, this 20th day of March, 2018.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE